

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 4:13cr72(1)

ANTONIO JERROD FULLER,

    Defendant.

*MEMORANDUM ORDER*

Before the Court is Defendant Antonio Jerrod Fuller's Amended Motion to Dismiss. ECF No. 215. Defendant was convicted by a jury on July 16, 2014, of eight Counts, including Racketeering Conspiracy, Narcotics Conspiracy, Murder in Aid of Racketeering, Attempted Murder in aid of racketeering, and various firearm offenses. Defendant now alleges that as a result of *Brady* and *Giglio* violations, the Court must dismiss this matter and further bar retrial of any charges based on Double Jeopardy. Having reviewed the parties' briefs and held a hearing on the Motion, this matter is now ripe for judicial determination. For the reasons stated below, which elaborate upon the Court's reasoning and oral Order provided at the February 9, 2015, hearing, Defendant's motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 17, 2013, Defendant was named in fourteen counts of a nineteen count Indictment. On November 12, 2013, Defendant was named in fourteen counts of a Superseding Indictment and was charged as follows:

- Count 1: Racketeering Conspiracy, 18 U.S.C. § 1962(d)
    - Racketeering Act One: Conspiracy to Distribute Drugs
    - Racketeering Act Two: Murder of Andre Horton on May 17, 2009

- o Racketeering Act Three: Murder of Julius Johnson on May 17, 2009
- o Racketeering Act Four: Attempted Murder of Edwin Powers on May 17, 2009
- o Racketeering Act Five: Murder of Christian Hatch on November 4, 2009
- o Racketeering Act Six: Attempted Murder of Desmond Finnell on November 4, 2009

- Count 2: Drug Conspiracy, 21 U.S.C. § 846

- Count 3: Murder in Aid of Racketeering Activity (Andre Horton), 18 U.S.C. § 1959(a)(1)

- Count 4: Use of Firearm Resulting in Death (Andre Horton), 18 U.S.C. § 924(c)(1), (j)

- Count 5: Murder in Aid of Racketeering Activity (Julius Johnson), 18 U.S.C. §1959(a)(1)

- Count 6: Use of Firearm Resulting in Death (Julius Johnson), 18 U.S.C. § 924(c)(1), (j)

- Count 7: Attempted Murder in Aid of Racketeering Activity (Edwin Powers), 18 U.S.C. § 1959(a)(5)

- Count 8: Use of Firearm in a Crime of Violence (Edwin Powers), 18 U.S.C. § 924(c)(1)

- Count 9: Felon in Possession of a Firearm (stemming from the conduct charged in Counts 3 through 8), 18 U.S.C. § 922(g)(1)

- Count 11: Murder in Aid of Racketeering Activity (Christian Hatch), 18 U.S.C. § 1959(a)(1)

- Count 12: Use of a Firearm Resulting in Death (Christian Hatch), 18 U.S.C. § 924(c)(1), (j)

- Count 13: Attempted Murder in Aid of Racketeering Activity (Desmond Finnell), 18 U.S.C. § 1959(a)(5)

- Count 14: Use of a Firearm in a Crime of Violence (Desmond Finnell), 18 U.S.C. § 924(c)(1)

- Count 15: Felon in Possession of a Firearm (stemming from the conduct charged in Counts 11 through 14), 18 U.S.C. § 922(g)(1)

The jury trial began on July 1, 2014, and the Government rested on July 14, 2014. Defendant moved for a judgment of acquittal as to all counts. The Court granted Defendant's motion as to Counts Three through Eight, reasoning that the Government had failed to prove the required element of the (Attempted) Murder in Aid of Racketeering charges that Defendant

2

committed the acts "for the purpose of gaining entrance to or maintain or increasing position in an enterprise." 18 U.S.C. § 1959(a)(1). Because the firearm charges in Counts Four, Six, and Eight explicitly incorporated the murder in aid of racketeering charges in Counts Three, Five, and Seven, the Court also dismissed those counts. The Court heard argument but deferred ruling as to whether the murders and attempted murder forming the basis of Counts Three, Five and Seven should nonetheless remain as charged racketeering acts in Count One. Defendant then presented his case, and also rested on July 14.

Both the Government and Defendant submitted case law and other authority on the issue of inclusion of the racketeering acts related to the dismissed counts, and on July 15, 2014, the Court informed the parties that it would include the events forming the basis of the dismissed counts as racketeering acts in Count One. Defendant objected to that ruling on the record. On July 16, 2014, the jury concluded its deliberations. The jury found Defendant guilty on all remaining counts. On the special verdict form, the jury also indicated that all racketeering acts were proven except Racketeering Act Four (attempted murder of Edwin Powers), and it did not find that the drug conspiracy charged in Count Two involved marijuana, although the jury found that the conspiracy did involve cocaine and 28 grams or more of crack cocaine.

On August 11, 2014, Defendant filed a motion to set aside the judgment or in the alternative a motion for a new trial. ECF No. 186. On August 22, 2014, the Government filed its opposition. ECF No. 190. On September 4, 2014, the Defendant's motions were both denied.

On November 16, 2014, Defendant filed a Motion to Dismiss. On November 24, 2015, the Court held a status hearing wherein it granted Defendant leave to file an Amended Motion to Dismiss. The instant Motion was filed on December 5, 2014. The Government responded in opposition on December 16, 2014. Defendant's Motion for Release of Brady Materials was filed

on December 30, 2014. The Government responded in opposition on January 6, 2015, and Defendant filed a Reply on January 8, 2015.

On February 9, 2015, the Court held a hearing on the Motion. Both parties presented argument and the Court questioned both parties' counsel. At the conclusion of the proceedings, the Court ruled from the bench that Defendant's Motion is **DENIED**, and this Order further explains the Court's reasoning.

## II. LEGAL STANDARDS

To succeed on his Motion to Dismiss the Indictment due to prosecutorial misconduct, Defendant must first show that "(1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005).

Defendant claims that the Government knowingly used perjured testimony. The Defendant must therefore show that (1) the testimony was perjured, (2) the Government knew the testimony was false, and (3) "there is a reasonable probability that the false testimony could have affected the verdict." *United States v. Roane*, 378 F.3d 382, 400 (4th Cir. 2004). "Mere inconsistencies in the testimony by the government witnesses do not establish the government's knowing use of false testimony." *United States v. Griley*, 814 F.2d 967, 970–71 (4th Cir.1987).

Defendant also alleges various violations of the Government's discovery obligations. To prove a *Brady* or *Giglio* violation, the burden is on Defendant to "show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, *i.e.,* 'prejudice must have ensued'; and (3) that the prosecution had materials and failed to disclose them." *United States v. Wilson*, 624 F.3d 640, 661 (4th Cir. 2010).

## III. DISCUSSION

### A. Prosecutorial Misconduct

Defendant urges this Court to dismiss the Indictment due to alleged prosecutorial misconduct. ECF No. 215 at 8. Specifically, Defendant argues that, "producing 1800 pages of Jencks material on counsel for the defense a mere five days prior to trial, learning that it was in reality much more than 1800 pages and not disclosing most of the additional material until the trial had already begun, and then disclosing even more *Brady*/Jencks materials post-trial" constituted prosecutorial misconduct. *Id.* Defendant further alleges that the "failure to correct the inconsistencies in Calvin Bailey's testimony, providing late and incomplete discovery, failure to provide exculpatory evidence, and the submission of exculpatory evidence after trial of others implicated in the Hatch murder" are additional examples of prosecutorial misconduct. *Id.*

The Government responds specifically to several alleged instances of prosecutorial misconduct, including: "(1) administrative errors related to pretrial disclosures of Jencks and *Giglio* materials; (2) inconsistencies in Calvin Bailey's testimony; (3) post-verdict disclosures by the government of "Jencks material"; (4) alleged promises to cooperating witnesses of specific sentence reductions...; and (5) the post-verdict disclosure of allegedly exculpatory materials concerning the murder of Christian Hatch." ECF No. 218 at 9.

The Court will not address alleged prosecutorial misconduct stemming from any pre-trial disclosures or the testimony of Calvin Bailey, as those issues were addressed both during trial and in this Court's post-trial Motion for Judgment of Acquittal. The question of whether the Government elicited any perjured testimony from its witnesses is addressed in Part B. *infra.* The only question relating to prosecutorial misconduct is whether Defendant suffered prejudice as a result of the Government's post-verdict disclosures concerning the Hatch murder.

The Court finds that Defendant was not prejudiced by the post-verdict Hatch murder disclosures because (1) Defendant has not demonstrated that the disclosures contained any admissible exculpatory evidence; (2) Defendant has failed to show that the disclosed information could potentially lead to admissible exculpatory evidence; and (3) Defendant has failed to establish materiality. Under *Brady v. Maryland*, "it is only the suppression of 'material' exculpatory evidence by the government that violates a defendant's due process rights." *Hoke v. Netherland*, 92 F.3d 1350, 1356 (4th Cir. 1996). A Defendant in the Fourth Circuit establishes a *Brady* violation by demonstrating "that the evidence at issue is favorable to him, either because it is exculpatory or impeaching; the evidence was suppressed by the government; and that he was prejudiced by that suppression." *United States v. Collins*, 493 F. App'x 418, 419 (4th Cir. 2012) (citing *Strickler v. Green*, 527 U.S. 263, 281-82 (1999)). Favorable evidence is material only if "the defendant can demonstrate that there is a reasonable probability that, had the evidence been disclosed, the outcome of the proceeding would have been different." *Collins*, 493 F. App's at 419. In the Fourth Circuit, the Defendant must demonstrate that potentially exculpatory or impeaching evidence would have likely been admissible at trial. *Hoke v. Netherland*, 92 F.3d 1350, 1356 (4th Cir. 1996).

By the time this Court held a hearing on the Motion to Dismiss, Defendant had been in possession of the allegedly exculpatory information for months, and had completely failed to show that (1) any of the evidence would have been admissible at trial and (2) that there was a reasonable probability that any of the information would have changed the outcome of the proceeding. The Court therefore finds that while the Government did disclose some relevant information during and after trial, the record does not support Defendant's argument that the evidence was exculpatory, impeaching, admissible, or material. Therefore, the Court finds no

meritorious reason to dismiss the indictment as a result of a *Brady* violation or prosecutorial misconduct.

## B. Alleged Perjured Testimony

Defendant argues that Calvin Bailey's trial testimony was a "sudden departure" from his grand jury testimony, "which the Government admits was not previously disclosed to the defense team." ECF No. 215 at 9. Had the alleged departure not existed, "the jury would have clearly seen the discrepancy in Bailey's and Matthews' versions raising a reasonable likelihood the discrepancy could have affected the minds of the jurors." *Id.* Further, Defendant argues that "there was no way that defense was equipped to effectively confront and cross-examine Bailey. *Id.* Defendant further argues that co-defendant Mustafah Muhammad failed to inform the jury of alleged leniency promises the Government made. *Id.*

The Government responds that Defendant "obtained copies of jail calls Mustafah Muhammad and Andre Hunt made after the men testified against defendant Fuller. Those jail calls were not in the possession of the government until the defendant provided them on December 9, 2104. Thus, the government cannot be found to have suppressed these statements, see *White*, 238 F.3d at 540 n.2 (4th Cir. 2001)..." ECF No. 218. The Government further argues that the "plea agreements for [Mustafah Muhammad and Andrew Hunt] were entered into evidence," and that each "testified as to their understandings of the terms of those agreements and were further cross-examined as to their expectations." *Id.* Specifically regarding Mr. Hunt, the Government alleges that "[a]ll of Andre Hunt's statements were made after his testimony." *Id.* at 15.

This is not the first time Defendant has made perjury allegations in this Court. On September 4, 2014, this Court issued a Memorandum Order denying Defendant's Motion for

7

Judgment of Acquittal or in the alternative for a New Trial. ECF No. 191. The Court addressed allegations of prosecutorial misconduct and witness perjury, and ruled that there was no evidence that the Government knowingly used perjured testimony, and that the trial had proceeded so that Defendant suffered no prejudice. Nothing in the briefs or the arguments of counsel raises a new issue that the Court has not previously addressed. Defendant has not demonstrated that any testimony at trial was false, that the Government knew it was false, or that the testimony prejudiced Defendant or otherwise casts doubt on the judgment.

Even if the Court assumes that Mr. Bailey's testimony was false, that fact is only sufficient to dismiss the Indictment if there was a "knowing use of perjured testimony." *United States v. White*, 238 F.3d 537, 540 (4th Cir. 2001). Given the procedural posture of this Motion, the Court must determine whether any alleged error undermines the Court's confidence in the jury's verdict. *Smith v. Cain*, 132 S. Ct. 627, 630 (2010).

Nothing in Defendant's brief, his argument at the Hearing, or the record before the Court provides any reason for the Court to question the validity of the jury's verdict. The Court does not find that any of the information in the disclosures demonstrates that a witness committed perjury on the stand. Defendant has been given ample opportunity to examine the voluminous disclosures the Government made, and was even given access to the transcript of Mr. Muhammad's sentencing and the transcript of Mr. Bailey's testimony. See ECF Nos. 217 and 211. Still, the Court has not been presented with any evidence that causes it to question the jury's verdict or otherwise undermines the Court's confidence in Defendant's trial.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED** as announced from the Bench on February 9, 2015.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the Defendant and the United States Attorney's Office.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 20, 2015

Raymond A. Jackson
United States District Judge